# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LA'SHELLE LEWIS | ) CASE NO. 1:19-cv-1074 |
| Plaintiff, | ) |
| | ) JUDGE: |
| v. | ) |
| | ) |
| CLEVELAND METROPOLITAN SCHOOL DISTRICT | ) |
| | ) |
| Defendant. | ) *JURY DEMAND ENDORSED HEREIN* |

## COMPLAINT

1. Plaintiff La'Shelle Lewis is a resident of Cuyahoga County, Ohio.

2. Defendant Cleveland Metropolitan School District (hereinafter "CMSD") is an Ohio school district with its headquarters located at 1111 Superior Ave. East, Suite 1800, Cleveland, Ohio 44114.

3. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), Ohio's anti-discrimination statute, R.C. 4112.01, *et seq.,* and Ohio tort law.

4. At all times material to this Complaint, Plaintiff Lewis was an eligible employee of Defendant CMSD as defined by 42 U.S.C. § 2000e(f) and R.C. 4112.01(A)(3).

5. At all times material to this Complaint, Defendant CMSD was Plaintiff Lewis's employer within the meaning of 42 U.S.C. § 2000e(b) and R.C. 4112.01(A)(2).

## JURISDICTION, VENUE AND PROCEDURAL REQUIREMENTS

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as Plaintiff Lewis's allegations arise under the laws of the United States.

7. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367, as the entire action before the Court comprises one civil rights case, and the claims arise out of the same common nucleus of facts and are such that Plaintiff Lewis would ordinarily be expected to pursue them in one judicial proceeding.

8. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant CMSD operates its business in this District and it is the District where the events giving rise to Plaintiff Lewis's claim occurred.

9. On January 17, 2018, Plaintiff Lewis filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2018-00125.

10. Plaintiff Lewis received a Notice of Right to Sue from the Civil Rights Division of the U.S. Department of Justice in connection with said EEOC charge on February 12, 2019.

11. This action is timely and appropriate pursuant to 42 U.S.C. §2000e-5(f)(1), as Plaintiff Lewis filed her Complaint within ninety (90) days of receipt of the Notice of Right to Sue.

## FACTUAL BACKGROUND

12. Plaintiff Lewis is a female citizen of the United States.

13. Plaintiff Lewis was employed by Defendant CMSD from September 11, 2006 through April 23, 2018.

14. At all times material to this Complaint, Plaintiff Lewis held the position of Dispatcher in the Division of Safety and Security and was qualified for that position.

15. Plaintiff Lewis was subjected to harassment, retaliation and discrimination on the basis of her gender during her employment at Defendant CMSD.

16. On two occasions in July of 2015, Plaintiff Lewis's supervisor, Sgt. Greg Williams acted in an aggressive manner towards Plaintiff Lewis, including but not limited to yelling, closing his fists and shaking his arms at Plaintiff Lewis.

17. Plaintiff Lewis informed Sgt. Williams that she considered his conduct to be aggressive, harassing and unwelcome.

18. In August of 2015, Plaintiff Lewis filed an internal harassment/discrimination complaint with Defendant CMSD because of Sgt. Williams's aggressive, harassing and unwelcome conduct.

19. From August 20, 2015 to October 14, 2015, Defendant CMSD conducted an internal fact-finding investigation. Although the investigator of the fact-finding investigation did not find evidence to substantiate Plaintiff Lewis's allegations, the investigator recommended that Sgt. Williams's supervisor further investigate Sgt. Williams's alleged aggressive conduct, suggesting that such conduct could warrant discipline.

20. Sgt. Williams continued to act in an intimidating manner towards Plaintiff Lewis. On various occasions after Plaintiff Lewis filed her internal complaint with Defendant CMSD, Sgt. Williams would: (1) stand very close to Plaintiff Lewis; (2) stare at Plaintiff Lewis during times when she was the only dispatcher in the room; and (3) bite his fist while speaking to Plaintiff Lewis.

21. On June 25, 2016, Plaintiff Lewis filed a charge with the EEOC because Sgt. Williams's aggressive, harassing and unwelcome behavior had not ceased, and Plaintiff Lewis felt uncomfortable and unsafe around Sgt. Williams.

22. The EEOC issued a Notice of Right to Sue on April 5, 2017.

23. Plaintiff Lewis's efforts to report and stop the foregoing conduct constituted

protected activity under Title VII and Plaintiff Lewis endured harassment and retaliation because of her protected activity.

24. Beginning in December of 2016, Plaintiff Lewis's supervisors adjusted her time entries in a manner that reduced Ms. Lewis's earnings.

25. Defendant CMSD failed to compensate Plaintiff for December 25, 2016 and January 1, 2017, in accordance with the terms of the Collective Bargaining Agreement ("CBA") between Defendant CMSD and Plaintiff's union, the Ohio Patrolmen's Benevolent Association.

26. CMSD initially failed to compensate Plaintiff Lewis for the time worked on February 22, 2017, and Plaintiff Lewis ultimately had to file a grievance in order to receive compensation for this day.

27. Defendant CMSD also failed to compensate Plaintiff Lewis for May 29, 2017 in accordance with the terms of the CBA.

28. Beginning in June of 2017 and continuing throughout her employment, Plaintiff Lewis was not given two consecutive days off, in violation of the CBA.

29. Also in June of 2017, Defendant CMSD did not fully compensate Plaintiff for the time worked on June 18.

30. On two separate occasions in September of 2017, Plaintiff Lewis signed up to work overtime, but Defendant CMSD instead gave the overtime work to a male employee with less seniority, in violation of the CBA.

31. Additionally, for several years, one of Plaintiff's colleagues, Sgt. Kevin Oliver, engaged in a pattern of making vulgar and harassing comments and gestures directed towards Plaintiff Lewis.

32. In late 2013, Sgt. Oliver attempted to show Plaintiff Lewis a photograph of the breasts of one of Plaintiff Lewis's female co-workers. Plaintiff Lewis refused to look at the photograph, and informed Sgt. Oliver that such action was inappropriate and unwelcome.

33. In August of 2016, Sgt. Oliver asked Plaintiff Lewis if he could "share a room" with her significant other. Plaintiff Lewis believed Sgt. Oliver intended for the comment to be interpreted in a sexual manner, and Plaintiff Lewis informed Sgt. Oliver that the comment was inappropriate and unwelcome.

34. In March of 2017, Sgt. Oliver told Plaintiff Lewis that he was going to take her significant other on vacation and that Plaintiff Lewis could not accompany them. Plaintiff Lewis again believed that Sgt. Oliver intended for the comment to be interpreted in a sexual manner, and Plaintiff Lewis informed Sgt. Oliver that the comment was inappropriate and unwelcome.

35. On April 26, 2017, Sgt. Oliver told Plaintiff Lewis that he was going to "fuck the shit out of" her significant other, "and send him home with a wet ass." Plaintiff Lewis conveyed to Sgt. Oliver that she found the remarks to be offensive, vulgar and unwelcome, and promptly reported the incident to one of her supervisors.

36. Upon information and belief, Plaintiff Lewis's supervisors attempted to isolate Plaintiff Lewis from her co-workers, by instructing her co-workers not to get involved with Plaintiff Lewis.

37. Sometime around January of 2017, Plaintiff Lewis learned that investigative reporter Carl Monday was investigating allegations of inappropriate sexual behavior of employees within the CMSD Division of Safety and Security. Plaintiff Lewis participated in an interview in connection with said investigation.

5

38. On September 7, 2017, one of Plaintiff Lewis's co-workers sent Plaintiff Lewis an email informing Plaintiff Lewis that Sgt. Lewis had been planning to eliminate seniority for dispatchers, on account of Plaintiff Lewis. Plaintiff Lewis's co-worker responded by saying that she found Sgt. Williams's behavior towards Plaintiff Lewis to be offensive, harassing and intimidating.

39. On September 29, 2017, a different co-worker sent an email to Plaintiff Lewis saying that CMSD Chief Lester Fultz had asked the co-worker to sign a letter saying that Plaintiff Lewis was "being troublesome" and making the co-worker and other dispatchers "uncomfortable." The co-worker refused to sign the letter because the co-worker did not view Plaintiff Lewis's behavior as troublesome and did not have any issues with Plaintiff Lewis.

40. On October 18, 2017, Plaintiff Lewis sent a letter to the EEOC about the harassment she had been incurring at the CMSD, and filed a formal charge with the EEOC on January 17, 2018.

41. Recognizing that CMSD was not promptly correcting the situation and following the suggestion of one of her superiors, on February 20, 2018, Plaintiff Lewis sent an email to CMSD Chief Lester Fultz. In accordance with her superior's suggestion, Plaintiff Lewis copied on the email members of the CMSD leadership team, including but not limited to: Chief Legal Officer, Wayne Belock; Chief Operating Officer, Patrick Zohn; Chief Talent Officer, Lori Ward; and Chief Executive Officer, Eric Gordon. Plaintiff Lewis also copied on the email her union representatives and outside counsel who had been retained by Defendant CMSD in connection with Plaintiff Lewis's allegations.

42. Included in Plaintiff Lewis's February 20 email was an attachment containing documents that Plaintiff Lewis believed supported her allegations of discrimination,

retaliation and harassment, and demonstrated an overall culture at CMSD of failing to correct improper behavior within the Division of Safety and Security.

43. In response to Plaintiff Lewis's February 20 email, Defendant CMSD initiated an Internal Affairs Investigation to determine whether Plaintiff Lewis had acted improperly and if she should be disciplined for sending the February 20 email.

44. On March 29, 2018, Defendant CMSD held a fact-finding hearing.

45. On April 2, 2018, Debra Benton, the Lieutenant of Internal Affairs of CMSD Division of Safety and Security, wrongfully accused Plaintiff Lewis of exceeding the permitted number of hours of unexcused absence, and issued a written letter, warning that Plaintiff Lewis would be subject to discipline if such behavior continued. Said letter was placed in Plaintiff Lewis's personnel file.

46. Upon information and belief, Defendant CMSD never corrected nor rescinded the written warning, despite the fact that Plaintiff Lewis provided CMSD with documentation showing that Plaintiff Lewis did not exceed the permitted number of hours for unexcused absence.

47. On April 3, 2018, the CMSD informed Plaintiff Lewis that she would be suspended for one-day as a result of her February 20 email. Defendant CMSD concluded that Plaintiff Lewis had acted improperly, in part, for violating Defendant CMSD's Confidentiality Policy. A copy of said policy is attached hereto as **Exhibit 1**.

48. The purpose of Defendant CMSD's Confidentiality Policy is "[t]o establish guidelines for the release of information to the public." **Exhibit 1** (emphasis supplied).

49. Plaintiff Lewis never released confidential information "to the public." The only recipients of her February 20 email were her CMSD supervisors, her union representatives,

7

members of the CMSD leadership team, legal and human resources representatives, and outside counsel who had been retained by CMSD to investigate Plaintiff Lewis's allegations.

50. Moreover, the documents contained in the attachment to the February 20 email would have been predominantly made available pursuant to Ohio public records law.

51. Upon information and belief, Defendant CMSD was taking steps to justify firing Plaintiff Lewis.

52. On April 23, 2018, Plaintiff Lewis resigned her position as a result of the harassment, discrimination and retaliation she endured, and Defendant CMSD's failure to promptly correct the situation.

53. As a result of the foregoing discrimination, harassment and retaliation, Plaintiff Lewis has been diagnosed with conditions including but not limited to depression, anxiety, work-related stress, sleep disturbance and post-traumatic stress disorder ("PTSD").

## COUNT I
### (Title VII Retaliation)

54. Plaintiff Lewis incorporates the allegations alleged in Paragraphs 1 through 53 of this Complaint as if fully rewritten herein.

55. Plaintiff Lewis's efforts taken to report and stop the discrimination and harassment she incurred while employed by Defendant CMSD, constituted protected activity under Title VII.

56. Defendant CMSD knew of Plaintiff Lewis's Title VII protected activity.

57. Plaintiff Lewis suffered an adverse employment action when Defendant CMSD failed to compensate Plaintiff Lewis adequately.

58. Plaintiff Lewis suffered an adverse employment action when she signed up

for overtime, but Defendant CMSD instead gave the overtime to a male employee with less seniority, in violation of the CBA.

59. Plaintiff Lewis suffered an adverse employment action when Sgt. Kevin Oliver made multiple obscene and derogatory comments and gestures directed towards Plaintiff Lewis.

60. Plaintiff Lewis suffered an adverse employment action when supervisors in the CMSD Division of Safety and Security attempted to isolate Plaintiff Lewis by instructing her co-workers not to get involved with her.

61. Plaintiff Lewis suffered an adverse employment action when Sgt. Williams told colleagues of Plaintiff Lewis that he was going to remove seniority from the dispatchers, on account of Plaintiff Lewis.

62. Plaintiff Lewis suffered an adverse employment action when CMSD Chief Lester Fultz attempted to have colleagues of Plaintiff Lewis sign a letter saying that she was being "troublesome" and making other dispatchers feel "uncomfortable."

63. Plaintiff Lewis suffered an adverse employment action when Defendant CMSD decided to suspend her for the February 20 email that she sent to support her allegations of discrimination, retaliation and harassment, and demonstrate an overall culture at CMSD of failing to address improper behavior within the Division of Safety and Security.

64. Plaintiff Lewis suffered an adverse employment action when Defendant CMSD wrongfully accused Plaintiff Lewis of exceeding the permitted number of hours of unexcused absence and issued a written letter warning that Plaintiff Lewis would be subject to discipline if such behavior continued, and placed said letter in Plaintiff's personnel file.

65. There is a causal connection between Plaintiff Lewis' protected activity and the adverse employment actions taken against her.

66. Defendant CMSD has retaliated against Plaintiff Lewis as a result of her exercising her Title VII rights.

67. As a result of Defendant CMSD's actions, Plaintiff Lewis has suffered damages including without limitation lost wages (past and future), benefits, costs and expenses, pain, suffering, humiliation, mental anguish and emotional distress.

68. Defendant CMSD, through the actions of its agents acting within the scope of their employment, willfully violated Title VII and lacked good faith and/or reasonable grounds to believe it was not violating Title VII through the adverse employment actions taken against Plaintiff Lewis, as alleged in this Complaint.

### COUNT II
### (Title VII Harassment)

69. Plaintiff Lewis incorporates the allegations alleged in Paragraphs 1 through 53 of this Complaint as if fully rewritten herein.

70. Plaintiff Lewis is a member of a protected class and was qualified for her position as a Dispatcher in Defendant CMSD's Division of Safety and Security.

71. On various occasions, Plaintiff Lewis was subjected to harassment, including harassment by her superiors that was based on Plaintiff Lewis's protected class.

72. Plaintiff Lewis informed Defendant CMSD that the harassment was unwelcome.

73. Despite being aware of the harassment, Defendant CMSD failed to take prompt corrective action.

74. The harassment was sufficiently pervasive to affect a term, privilege and condition of employment, and it created a hostile work environment for Plaintiff Lewis.

75. As a result of Defendant CMSD's actions, Plaintiff Lewis has suffered damages including, without limitation, lost wages (past and future), benefits, costs, expenses, pain, suffering, humiliation, mental anguish and emotional distress.

76. Defendant CMSD, through the actions of its agents acting within the scope of their employment, willfully violated Title VII and lacked good faith and/or reasonable grounds to believe it was not violating Title VII through the adverse employment actions taken against Plaintiff Lewis as alleged in this Complaint.

## COUNT III
### (Title VII Gender Discrimination)

77. Plaintiff Lewis incorporates the allegations alleged in Paragraphs 1 through 53 of this Complaint as if fully rewritten herein.

78. Defendant CMSD, through the actions of its agents, engaged in a practice and pattern of gender discrimination against Plaintiff Lewis with respect to the terms conditions and privileges of employment in violation of 42 U.S.C. § 2000e-2.

79. Plaintiff Lewis is a member of a protected class and was qualified in her position as a Dispatcher in Defendant CMSD's Division of Safety and Security.

80. Plaintiff Lewis suffered material adverse employment actions as described herein, including but not limited to: Defendant CMSD's failure to fully compensate Plaintiff Lewis; Defendant CMSD's refusal to provide Plaintiff Lewis overtime and instead giving the overtime work to a male employee with less seniority, in violation of the CBA; Defendant CMSD's attempted isolation of Plaintiff Lewis; Defendant CMSD's meritless disciplinary scrutiny of Plaintiff Lewis; Defendant CMSD's unwelcome, vulgar and inappropriate behavior directed

towards Plaintiff Lewis; Defendant CMSD's attempt to orchestrate negative co-worker reviews of Plaintiff Lewis; Defendant CMSD's failure to correct the harassment, discrimination and retaliation that Plaintiff Lewis incurred; and Defendant CMSD's steps taken to justify firing Plaintiff Lewis.

81. Defendant CMSD did not treat similarly situated males in the same manner.

82. As a result of Defendant CMSD's actions, Plaintiff Lewis has incurred lost wages (both past and future), benefits, expenses, costs, pain, suffering, humiliation, mental anguish and emotional distress.

83. Defendant CMSD, through the actions of its agents within the scope of their employment, willfully violated Title VII and lacked reasonable grounds and/or good faith to believe that it was not violating Title VII by taking adverse employments actions against Plaintiff Lewis.

## COUNT IV
**(Violation of Ohio Anti-Discrimination Law R.C. 4112.01 *et seq*.)**

84. Plaintiff Lewis incorporates the allegations alleged in Paragraphs 1 through 83 of this Complaint as if fully rewritten herein.

85. Defendant CMSD, through the actions of its agents, engaged in a practice and pattern of gender discrimination, harassment and retaliation against Plaintiff Lewis with respect to the terms conditions and privileges of employment in violation of R.C. 4112.01, *et seq.*

86. As a result of Defendant CMSD's actions, Plaintiff Lewis has suffered damages including without limitation lost wages (past and future), benefits, costs, expenses, pain, suffering, humiliation, mental anguish and emotional distress.

## COUNT V
**(Intentional Infliction of Emotional Distress)**

87. Plaintiff Lewis incorporates the allegations alleged in Paragraphs 1 through 53 of this Complaint as if fully rewritten herein.

88. At all times relevant to this claim, Plaintiff Lewis was an employee of Defendant CMSD.

89. At all times relevant to this matter, Plaintiff Lewis's supervisors were acting within the scope of their employment and maintained authority over Plaintiff Lewis.

90. Throughout Plaintiff Lewis's employment with Defendant CMSD, her supervisors engaged in a targeted campaign of harassment against Plaintiff Lewis as described herein, including but not limited to the adverse employment actions, intimidation, retaliation and harassing comments and gestures as described herein.

91. The conduct of Defendant CMSD as described herein was extreme and outrageous.

92. The conduct of Defendant CMSD, as described herein was done deliberately and intentionally, with the purpose of inflicting severe emotional distress upon Plaintiff Lewis so that she would fail and either quit or be fired, or was done with reckless disregard of the probability of causing Plaintiff Lewis severe emotional distress.

93. As a direct and proximate result of the acts of Defendant CMSD, Plaintiff Lewis has suffered damages including without limitation lost wages (past and future), benefits, costs, expenses, pain, suffering, humiliation, mental anguish and emotional distress.

## PRAYER FOR RELIEF

Plaintiff Lewis hereby requests that this Honorable Court grant the following relief:

A. back pay;

B. compensatory damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

C. injunctive relief;

D. interest;

E. attorney's fees and costs;

F. punitive damages;  and

G. all other relief that this Court deems just and appropriate.

Dated this 13th day of May, 2019
Cleveland, Ohio

Respectfully submitted,

 /s/  *Jesse M. Gannon*
Jesse M. Gannon (0090461)
The Law Offices of Jesse M. Gannon, LLC
850 Euclid Avenue, Suite 1014
Cleveland, OH  44114
Telephone:  (216) 532-5297
Facsimile:   (216) 687-6876
Email: jesse@gannoncounsel.com

*Attorney for Plaintiff La'Shelle Lewis*

## **JURY DEMAND**

Plaintiff La'Shelle Lewis hereby demands a trial by jury, by the maximum number of jurors permitted by law, on all issues triable.

Respectfully submitted,

/s/ *Jesse M. Gannon*
Jesse M. Gannon (0090461)
The Law Offices of Jesse M. Gannon, LLC
850 Euclid Ave., Suite 1014
Cleveland, OH 44114
Telephone: (216) 532-5297
Facsimile: (216) 687-6876
Email: jesse@gannoncounsel.com

*Attorney for Plaintiff La'Shelle Lewis*